1                                                                    O

2

3

4

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  DAVEXLABS, LLC,                    )  CV 18-1404-RSWL-AGR
                                       )
13                  Plaintiff,         )
                                       )  **ORDER re: Plaintiff's**
14                                     )  **Application for Default**
        v.                             )  **Judgment** [15]
15                                     )
                                       )
16  MILLENNIUM BEAUTY CONCEPTS,        )
    ARES CONTRERAS,                    )
17                                     )
                                       )
18                  Defendants.        )
                                       )
19                                     )
                                       )
20  _____)

21       Currently before the Court is Plaintiff DavexLabs,

22  LLC's ("Plaintiff") Application for Default Judgment

23  [15] ("Application") against Defendants Millennium

24  Beauty Concepts and Ares Contreras (collectively,

25  "Defendants").  Having reviewed all papers submitted

26  pertaining to this Application, the Court **NOW FINDS AND**

27  **RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's

28  Application.

                               1

**I. BACKGROUND**

**A.    Factual Background**

Plaintiff is a limited liability company organized under the laws of Delaware, with its principle place of business in Los Angeles, California.  Compl. ¶ 3, ECF No. 1.  Plaintiff alleges that Defendant Millennium Beauty Concepts ("Millennium") is a business entity with its principal place of business in New Jersey. Id. ¶ 4.  Plaintiff also alleges that Defendant Ares Contreras ("Contreras") is an individual who is the principal of Millennium and resides in New Jersey.  Id. ¶ 5.

On or about July 1, 2015, Plaintiff entered into a written Distribution Agreement with Defendants, in which Defendants agreed to purchase various hair products for resale from Plaintiff.  Id. ¶ 7.  From July 24, 2017 to October 6, 2017, Plaintiff sold, shipped, and delivered products to Defendants pursuant to terms of the Distribution Agreement.  Berglass Decl. ¶ 5, ECF No. 15-1.  Plaintiff alleges that Defendants breached the Distribution Agreement on or about October 6, 2017, by failing to pay for products, amounting to a total of $126,595.03 in damages.  Compl. ¶ 9; Berglass Decl. ¶ 7.

**B.    Procedural Background**

Plaintiff filed its Complaint on February 20, 2018 [1] alleging breach of contract against Defendants. Plaintiff filed proof of service for the Defendants

2

1  [11-1,2] on June 21, 2018.  The Clerk of Court entered

2  Default against Defendants [13] on July 23, 2018.

3  Plaintiff filed its Application for Default Judgment

4  [15] on August 31, 2018.  Defendants have failed to

5  respond to the Complaint or otherwise appear in this

6  Action to date.

7                    **II. DISCUSSION**

8  **A.   Legal Standard**

9       Federal Rule of Civil Procedure 55(b) authorizes a

10 district court to grant default judgment.  Pursuant to

11 Local Rule 55-1, the party moving for default judgment

12 must submit a declaration establishing: (1) when and

13 against which party default was entered; (2) on which

14 pleading default was entered; (3) whether the

15 defaulting party is a minor, incompetent person, or

16 active service member; and (4) proper service.  Upon

17 default, all factual allegations in the complaint,

18 except those relating to damages, are assumed to be

19 true.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d

20 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United

21 Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).

22      In exercising its discretion to grant default

23 judgment, the court must consider the following

24 factors: (1) possibility of prejudice to the plaintiff,

25 (2) merits of the substantive claim, (3) sufficiency of

26 the complaint, (4) sum of money at stake,

27 (5) possibility of disputes regarding material facts,

28 (6) whether excusable neglect caused the default, and

1 (7) the strong policy favoring decisions on the merits.

2 NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th

3 Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470,

4 1471-72 (9th Cir. 1986)).  Additionally, if the

5 defaulting party failed to plead or otherwise defend,

6 the court must determine that it has subject matter and

7 personal jurisdiction.  In re Tuli, 172 F.3d 707, 712

8 (9th Cir. 1999).  When default judgment is granted, the

9 relief awarded "must not differ in kind from, or exceed

10 in amount, what is demanded in the pleadings."  Fed. R.

11 Civ. P. 54(c).

12 **B.   Discussion**

13     1.   Jurisdiction and Service of Process

14     In considering whether to enter default judgment

15 against Defendants, the Court must first determine

16 whether it has jurisdiction over the subject matter and

17 the parties to the case.  In re Tuli, 172 F.3d at 712.

18     The Court has subject matter jurisdiction over the

19 present matter under 28 U.S.C. § 1332.  First, there is

20 complete diversity between Plaintiff and Defendants.

21 Plaintiff is a limited liability company organized

22 under the laws of Delaware, with its principal place of

23 business in California.  Compl. ¶ 3.  Plaintiff alleges

24 that Millennium has its principal place of business in

25 New Jersey, and that Contreras is an individual and

26 principal of Millennium also residing in New Jersey.

27 Id. ¶¶ 4-5.  Second, the amount in controversy exceeds

28 $75,000 because Plaintiff is seeking $126,595.03 in

1   damages for unpaid shipments of products Plaintiff sent

2   to Defendants.  Id. ¶ 9.  Plaintiff has provided

3   invoices showing each shipment Plaintiff made and each

4   product's cost, totaling $126,595.03.  See id., Ex. 2,

5   Invoices, ECF No. 15-3.

6        The Court also has personal jurisdiction over both

7   Defendants.  Although Defendants have their principal

8   place of business in New Jersey, Defendants purposely

9   availed themselves by entering into a contract with

10  Plaintiff, a California corporation, and agreeing to

11  the contract's forum selection clause selecting the

12  Central District of California.  Compl. Ex. 1,

13  Distribution Agreement 13, section 9.11, ECF No. 1-2.

14  Under general contract principles, a forum selection

15  clause may give rise to waiver of objections to

16  personal jurisdiction, provided that the defendant

17  agrees to be so bound.  See Holland Am. Line Inc. v.

18  Wartsila N. Am., Inc., 485 F.3d 450, 458 (9th Cir.

19  2007) (citations omitted).  Here, both Defendant

20  Millennium and Defendant Contreras,[1] as Millennium's

21  "Principal," signed as parties to the contract, thus

---

23        [1] Article 7.1 of the Contract states that Defendant
    Millennium as the "Distributor," and Defendant Contreras as its
24  "Principal," will "indemnify, defend, and hold harmless
    [Plaintiff] and all members, directors, officers, employees and
25  agents of [Plaintiff] for, from and against all claims, actions,
    government inquiries, investigations, liability, loss, damage and
26  attorneys fees arising from or directly or indirectly related to
    . . . the breach by the Distributor of this Agreement."  See Ex.
27  1 at 7.  Both Millennium and Contreras signed the Distribution
    Agreement.  See id. at 13.  Thus, Defendant Contreras is properly
28  included in this Action as the Principal to this Agreement.

1 agreeing to the forum selection clause.  See Ex. 1.

2       Finally, both Defendants were properly served.

3 Unless federal law provides otherwise, service on both

4 an individual and a corporation within the United

5 States is proper in any manner following state law in

6 the state where the district court is located or where

7 service is made.  Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).

8 Plaintiff has provided proof of service of process as

9 to both Millennium and Contreras.  See Proof of

10 Service, ECF No. 11-1,2.  Plaintiff served both

11 Defendants by mail on March 15, 2018 in compliance with

12 Cal. Code Civ. P. § 415.30.  See id.

13       2.   Procedural Requirements

14       Plaintiff has satisfied the procedural requirements

15 for default judgment pursuant to Federal Rules of Civil

16 Procedure 55 and Local Rule 55-1.  Under Federal Rule

17 of Civil Procedure 55(a), the Court Clerk properly

18 entered default against Millennium and Contreras.  ECF

19 No. 13.  Plaintiff properly moved pursuant to Rule

20 55(b) for entry of default judgment.

21       Local Rule 55-1 requires that Plaintiff provide the

22 following in an application for default judgment: (1)

23 when and against what party the default was entered;

24 (2) the identification of the pleading to which default

25 was entered; (3) whether the defaulting party is an

26 infant or incompetent person; (4) that the

27 Servicemembers Civil Relief Act does not apply; and (5)

28 that notice has been served on the defaulting party.

1  Plaintiff has satisfied these requirements.  The Clerk

2  of Court entered default against Millennium and

3  Contreras on July 23, 2018.  Application, Goodman Decl.

4  5:16-17, ECF No. 15.  Neither Defendant is an infant,

5  incompetent person, or exempted under the

6  Servicemembers Civil Relief Act.  Id. at 5:14-16.

7  Finally, both Defendants were served with notice of

8  this Application on August 21, 2018.  Id. at 7.

9      3.   Eitel Factors

10         a.  *Factor 1: Prejudice to Plaintiff*

11     A court must first consider whether a plaintiff

12  will suffer prejudice if default judgment is not

13  entered.  See Eitel, 782 F.2d at 1471 (citation

14  omitted).  Here, Defendants have failed to respond to

15  the Complaint or otherwise appear.  Without default

16  judgment, Plaintiff likely will have no recourse for

17  recovery.  See Landstar Ranger, Inc. v. Parth Enters.,

18  725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); PepsiCo,

19  Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177

20  (C.D. Cal. 2002).  Thus, this factor favors default

21  judgment.

22         b.  *Factors 2 & 3: Sufficiency of the
                Complaint and Merits of the Claim*

23

24     The second and third Eitel factors call for

    analysis of the causes of action.  See Eitel, 782 F.2d

25

    at 1471 (citation omitted).  Here, Plaintiff's claim

26

    for breach of contract is sufficiently stated and

27

    meritorious, and as such, these factors favor default

28

7

1  judgment.

2      To adequately state a cause of action for breach of

3  contract a plaintiff must allege: "(1) the existence of

4  a contract, (2) [its] performance of the contract . . .

5  , (3) defendant's breach, and (4) resulting damage."

6  Benton v. Baker Hughes, No. CV 12-07735 MMM (MRWx),

7  2013 U.S. Dist. LEXIS 94988, at *16-17 (C.D. Cal. June

8  30, 2013).

9      Plaintiff's Complaint adequately alleges all

10  elements of a claim for breach of contract.  First,

11  Plaintiff alleges that on or about July 1, 2015, it

12  entered into a contract with Defendants to purchase

13  various hair products from Plaintiff.  Compl. ¶ 7.

14  Plaintiff attached to its Complaint a copy of the

15  written Distribution Agreement made between Plaintiff,

16  Defendant Millennium, and Defendant Contreras as

17  "Principal" of Millennium.  See Ex. 1.  Second,

18  Plaintiff alleges it fully performed its duties under

19  the contract by shipping the products to Defendants

20  pursuant to the Distribution Agreement.  Compl. ¶ 3.

21      Third, Plaintiff alleges that Defendants failed to

22  pay for the products shipped and delivered to them in

23  breach of Article 4.3 of the Distribution Agreement.

24  Id. ¶ 9.  Article 4.3 states that the Defendants "will

25  pay all invoices within thirty (30) days of the date of

26  invoice."  See Ex. 1 at 5.  Plaintiffs invoices show

27  shipments dated July 24, 2017, July 31, 2017, August

28  31, 2017, September 19, 2017, September 28, 2017,

1 September 29, 2017, and October 6, 2017.  See Ex. 2.

2 On November 16, 2017, Plaintiff sent Defendants a

3 letter notifying Defendants that these invoices were

4 past due and that if they were not paid by November 21,

5 2017, Plaintiff would take action for breach of the

6 Distribution Agreement.  See Ex. 4, ECF No. 15-5.

7 Finally, Plaintiff alleges its total damages for

8 Defendants' failure to pay amount to $126,595.03.

9 Compl. ¶ 11.  Taking these allegations as true,

10 Plaintiff has proven a breach of contract claim.

11              c.   *Factor 4: Money at Stake*

12    The fourth Eitel factor addresses the sum of money

13 at stake in the action.  Eitel, 782 F.2d at 1471

14 (citation omitted).  This requires that the court

15 assess whether the recovery sought is proportional to

16 the harm caused by a defendant's conduct.  See Walters

17 v. Statewide Concrete Barrier, Inc., No. C 04–2559 JSW,

18 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If

19 the sum of money at issue is reasonably proportionate

20 to the harm caused by the defendant's actions, then

21 default judgment is warranted.").  Here, Plaintiff

22 offers invoices reflecting the date of purchase,

23 quantity, description, price charged, and cost for

24 delivery for each transaction.  Berglass Decl. ¶ 6; see

25 Ex. 2.  Plaintiff also provided a copy of the statement

26 of account.  See Ex. 3, ECF No. 15-4.  Based on the

27 evidence presented, the damages Plaintiff seeks are

28 consistent with the terms of the contract and are

1  appropriate.  Thus, this factor weighs in favor of

2  entry of default judgment.

3          d.   *Factor 5: Dispute of Material Fact*

4      The fifth <u>Eitel</u> factor is the likelihood of a

5  dispute as to material facts.  <u>Eitel</u>, 782 F.2d at 1471-

6  72 (citation omitted).  To date, Defendants have not

7  answered or otherwise appeared.  Since Plaintiff's

8  factual allegations are presumed true in this context

9  and Defendants failed to move to set aside the default,

10 no factual dispute exists that would preclude the entry

11 of default judgment.  <u>See</u> <u>Vogel</u>, 992 F. Supp. 2d at

12 1013.  Thus, this factor weighs in favor of default

13 judgment.

14         e.   *Factor 6: Excusable Neglect*

15     Next, courts consider whether the default was due

16 to some excusable neglect.  <u>Eitel</u>, 782 F.2d at 1472

17 (citation omitted).  Defendants here were properly

18 served on March 15, 2018 and Plaintiff served his

19 Application on August 31, 2018.  Nevertheless,

20 Defendants have not appeared in this Action and have

21 not offered any explanation for their default.

22 Accordingly, this factor weighs in favor of granting

23 default judgment.  <u>Vogel</u>, 992 F. Supp. 2d 998 (finding

24 "it reasonable to infer [the] default was not the

25 product of excusable neglect" where defendant was

26 properly served).

27 ///

28 ///

1        f.   *Factor 7:    Public Policy*

2        The seventh <u>Eitel</u> factor considers the strong

3   policy favoring rulings on the merits.   <u>Eitel</u>, 782 F.2d

4   at 1472 (citation omitted).   Notwithstanding such

5   policy, default judgment is appropriate "[w]here the

6   [d]efendant's failure to appear makes decision on the

7   merits impossible."   <u>Warner Bros. Home Entm't, Inc. v.</u>

8   <u>Slaughter</u>, CV 13-0892-DOC (RNBx), 2013 U.S. Dist LEXIS

9   156597, at *9 (C.D. Cal. Oct. 30, 2013) (citing

10  <u>Craigslist, Inc. v. Naturemarket, Inc.</u>, 694 F. Supp. 2d

11  1039, 1061 (N.D. Cal. 2010)).   As a result—and because

12  all other <u>Eitel</u> factors favor default judgment here—the

13  Court **GRANTS** Plaintiff's Application.

14       4.   <u>Relief</u>

15       In seeking default judgment, "Plaintiff is required

16  to prove all damages sought in the [C]omplaint."

17  <u>Philip Morris U.S.A. Inc. v. Castworld Prods.</u>, 219

18  F.R.D. 494, 498 (C.D. Cal. 2003).   Here, Plaintiff

19  seeks damages in the amount of $126,595.03 for the

20  unpaid shipments.   Berglass Decl. ¶ 11.   As noted,

21  Plaintiff has provided invoices and a statement of

22  account showing that Defendants owe Plaintiff

23  $126,595.03 for the unpaid products Plaintiff shipped

24  to Defendants.   <u>Id.</u> ¶¶ 6-7; Exs. 2-3.   This evidence

25  supports Plaintiff's claim for $126,595.03 in damages.

26  See <u>Landstar Ranger</u>, 725 F. Supp. 2d at 923 (finding an

27  invoice summary, copies of its invoices, and underlying

28  shipping documents sufficient to support a claim for

1 $243,817.34 on default).

2     Plaintiff also seeks prejudgment interest at the

3 legal rate of 10% per annum for the owed balance of

4 $126,595.03 from October 6, 2017 to June 4, 2018, in

5 the sum of $8,357.88.  See Goodman Decl., ECF No. 15-6;

6 Compl. at 4:16.  In California, the legal rate on

7 prejudgment interest for claims of breach of contract

8 is 10% where the contract does not specify a stipulated

9 rate.  Cal. Civ. Code § 3289.  Because the Distribution

10 Agreement here does not specify a legal rate and

11 Defendants have been in breach since October 6, 2017,

12 the Court awards Plaintiff prejudgment interest in the

13 amount of $8,357.88.

14     Finally, Plaintiff seeks attorneys' fees and costs.

15 Berglass Decl. ¶ 11; Compl. ¶ 12.  Local Rule 55-3

16 determines attorneys' fees for a default judgment

17 pursuant to a fixed percentage schedule where a

18 contract provides for the recovery of attorneys' fees.

19 Here, article 7.1 of the Distribution Agreement states

20 Plaintiff's right to recover reasonable attorneys'

21 fees.  See Ex. 1 at 7.  For a judgment over $100,000,

22 the schedule allows an attorneys' fees award of $5,600

23 plus 2% of the amount of damages awarded.  Accordingly,

24 Plaintiff is entitled to attorneys' fees of $8,131.90 —

25 that is, $5,600 plus $2,531.90 (2% of $126,595.03).

26 Plaintiff also seeks costs in the amount of $416.50.

27 The prevailing party is entitled to costs pursuant to

28 Fed. R. Civ. P. 54(d)(1), thus the Court finds these

12

1  costs to be reasonable.

2                        **III. CONCLUSION**

3        Based on the foregoing, the Court **GRANTS**

4  Plaintiff's Application against Defendants Millennium

5  and Contreras, and awards Plaintiff $126,595.03 in

6  damages, plus prejudgment interest in the amount of

7  $8,357.88, attorneys' fees in the amount of $8,131.90,

8  and costs in the amount of $416.50.

9

10  **IT IS SO ORDERED.**

11

12  DATED: November 16, 2018   s/ RONALD S.W. LEW
                              HONORABLE RONALD S.W. LEW
13                            Senior U.S. District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28